Filed 7/9/26  Immigrant Rights Defense Council v. Sklar CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| IMMIGRANT RIGHTS DEFENSE COUNCIL, LLC,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>IZABELLA SKLAR et al.,<br><br>    Defendants and Respondents. | B345528<br><br>(Los Angeles County Super. Ct. No. 24STCV04208) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Upinder S. Kalra, Judge.  Reversed and remanded.

Medvei Law Group and Sebastian M. Medvei for Plaintiff and Appellant.

Robert Gentino for Defendants and Respondents.

## I.  INTRODUCTION

Immigrant Rights Defense Counsel, as the prevailing plaintiff in an action filed under the Immigrant Consultants Act (the ICA; Bus. & Prof. Code, § 22440 et seq.), filed a postjudgment memorandum of costs, seeking to recover attorney fees for enforcing its judgment against defendants.  The trial court denied the request for attorney fees on the sole ground that such fees were not recoverable under Code of Civil Procedure section 685.040 (section 685.040).  Because the court's interpretation of section 685.040 is contrary to controlling authority, we reverse and remand the court's order denying postjudgment attorney fees.

## II.  BACKGROUND

On February 20, 2024, plaintiff filed a complaint to enjoin defendants[1] from violating provisions of the ICA.  On April 12, 2024, the trial court entered a judgment enjoining defendants from violating the ICA and ordered that plaintiff "shall be entitled to reasonable attorney's fees and costs."

On December 17, 2024, plaintiff filed a memorandum of costs after judgment, seeking $5,250 in attorney fees, pursuant to section 685.040, for costs incurred from April 25, 2024, to December 17, 2024, and $280.57 in filing fees.

On December 24, 2024, defendants filed a motion to tax or strike costs, arguing that "such costs have been satisfied and are improper."

---

[1]     Defendants are Izabella Sklar, Access Legal Services and Same Day Marriage In Los Angeles, Inc.

On April 3, 2025, the trial court conducted a hearing on plaintiff's request for postjudgment attorney fees and defendants' motion to tax costs. The court cited to section 685.040 and Code of Civil Procedure section 1033.5, subdivision (a), and found that because plaintiff had not filed an action "for breach of contract" but "[i]nstead … for [a] statutory violation," plaintiff was required to "file a motion to recover these attorney's fees." Because plaintiff had not filed a noticed motion but had instead filed a memorandum of costs, the court denied plaintiff's request for postjudgment attorney fees. The court did not consider the merits of defendants' argument that plaintiff's request for attorney fees and costs had been satisfied.

Plaintiff timely appealed.

## III.  DISCUSSION

### A.  *Standard of Review*

We review questions of statutory interpretation, including whether a statute allows for the recovery of attorney fees, de novo.  (*Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1213.)

### B.  *Analysis*

A party may file a memorandum of costs to recover costs, including attorney fees, it incurs in its efforts to enforce a judgment so long as those attorney fees are "allowed by [s]ection 685.040."  (Code Civ. Proc., § 685.070, subd. (a)(6); *G.F. Galaxy Corp. v. Johnson* (2024) 100 Cal.App.5th 542, 545.)  Section 685.040 provides that:  "The judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment.

3

Attorney's fees incurred in enforcing a judgment are not included in costs collectible under this title unless otherwise provided by law.  Attorney's fees incurred in enforcing a judgment are included as costs collectible under this title if the underlying judgment includes an award of attorney's fees to the judgment creditor pursuant to subparagraph (A) of paragraph (10) of subdivision (a) of [Code of Civil Procedure] Section 1033.5."

Here, the trial court interpreted section 684.040 to allow for the recovery of attorney fees incurred in enforcing a judgment only where a party was entitled to such fees pursuant to a contract.  That interpretation, however, ignores the second sentence of section 685.040, which permits the recovery of attorney fees incurred in enforcing a judgment if "otherwise provided by law."  The ICA, specifically, Business and Professions Code section 22446.5, subdivision (b), provides that a prevailing plaintiff is entitled to recover reasonable attorney fees.  And where, as here, "a fee-shifting statute provides the substantive authority for an award of attorney fees, any such fees incurred in enforcement of the judgment are within the scope of section 685.040." (*Conservatorship of McQueen* (2014) 59 Cal.4th 602, 614.)  The court therefore erred when it interpreted section 685.040 to allow for the filing of a memorandum of costs for the recovery of attorney fees only where a contract provided for such fees. (Cf. *American Humane Assn. v. Los Angeles Times Communications* (2001) 92 Cal.App.4th 1095, 1103 [finding that a prevailing party in an anti-SLAPP motion may recover attorney fees by making a motion for fees "or as part of a cost memorandum"].)  We therefore reverse the court's order and remand for further proceedings.  We express no opinion on whether plaintiff can meet its burden to show that its request for

4

fees is reasonable or that it incurred such fees in connection with its efforts to enforce a judgment.

## IV.   DISPOSITION

The order denying postjudgment costs is reversed and remanded for further proceedings consistent with this opinion. Plaintiff is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

HOFFSTADT, P. J.

BAKER, J.